**In re Robert Oliver WALKER and Patricia Lynn Melmyk Walker, Debtors.**

**TENNESSEE HOUSING DEVELOPMENT AGENCY, Plaintiff,**

**v.**

**Robert Oliver WALKER and Patricia Lynn Melmyk Walker, Defendants.**

Bankruptcy No. 382–04243.
Adv. No. 383–0057.

United States District Court,
M.D. Tennessee.

April 20, 1983.

P. Michael Richardson, Trabue, Sturdivant & DeWitt, Nashville, Tenn., for plaintiff Tennessee Housing Development Agency.

J.C. McMurtry, Gallatin, Tenn., for debtors/defendants Robert Oliver and Patricia Lynn Melmyk Walker.

REPORT AND NOTICE

GEORGE C. PAINE, II, Bankruptcy Judge.

Pursuant to Federal Rule of Civil Procedure 53(e)(1), the Standing Master submits this proposed order or judgment, including any required findings of fact and conclusions of law, to the United States District Court for the Middle District of Tennessee with the recommendation that this proposed order or judgment be approved. Notice is hereby given that all parties in interest have ten days within which to file objec-

tions to this Report with the Bankruptcy Court Clerk designated under Administrative Rule No. 28–3 as the Clerk for the United States District Court for the Middle District of Tennessee.

## ORDER

JOHN T. NIXON, District Judge.

This matter is before the court upon plaintiff Tennessee Housing Development Agency's motion to set aside and to dissolve a temporary restraining order which prohibits it from dispossessing the defendant/debtors, Robert Oliver Walker and Patricia Lynn Melmyk Walker, from property foreclosed upon by the plaintiff but in which the defendants continue to reside.[1] Upon consideration of argument of counsel, affidavits of P. Michael Richardson, Esq. and the entire record, this court concludes that the order entered on March 8, 1983, enjoining plaintiff from pursuing certain actions should be vacated.

On December 30, 1982, the defendants filed a petition under Chapter 13 of the Bankruptcy Code. The plaintiff thereafter filed a Complaint for Relief from Automatic Stay (Or Determination That Stay Is Inapplicable) pursuant to 11 U.S.C. § 362. No preliminary hearing was set on plaintiff's complaint because of events beyond the control of the litigants arising out of the confusion surrounding the status of the United States Bankruptcy Court's jurisdiction in this district which, being familiar to all parties, is unnecessary to recapitulate.

Since the complaint for relief from the stay was not heard within the mandatory 30 day period prescribed by § 362(e), the plaintiff concluded that the stay was terminated. See 11 U.S.C.A. § 362(e) (West 1979). The plaintiff, therefore, filed an action in the state courts to dispossess the debtors from property which they occupied and which had been the subject of a previous state court action by the plaintiff.

The defendants, in response to this action and without notice to plaintiff, obtained an injunction from this court which prohibited plaintiff from taking any further action through the state courts.

Subsequently in an order entered by Hon. L. Clure Morton, Chief Judge, on March 23, 1983, this court continued the automatic stay pursuant to 11 U.S.C. § 105 until a final hearing could be set on the plaintiff's complaint, thereby rendering the earlier order of this court moot. This final hearing has been set for April 21, 1983, at 1:00 P.M., Room 216, Customs House, 701 Broadway, Nashville, Tennessee, 37203.

The primary concern of this court at this time, however, is the mode in which the injunction, styled a motion for relief, and its accompanying proposed order were presented by the defendants. The debtors are well aware of the requirements of Federal Rule of Civil Procedure 65 and apparently chose to disregard them in their dealings with this court. They failed to allege specific facts by affidavit or verified complaint of any immediate and irreparable injury to allow a hearing without opposition and to certify to this court in writing their efforts to give notice or any reasons supporting their claim that notice should not be required. Indeed, the debtors made no effort to provide the plaintiff with notice as to their presentation of the motion to this court. Further, the proposed order submitted by the debtors failed to define any potential injury, why it is irreparable and why the order was granted without notice. Finally, the debtors failed to provide in the order that it would expire within a period not to exceed ten days, to request an extension of the order within ten days and to file a motion for a preliminary injunction once the temporary restraining order was granted without notice. The ultimate result of this complete non-adherence to the safeguards of Rule 65 is that the plaintiff has been required to request the dissolution of this order even though the matter has be-

---

1. Pursuant to prior order of this court, this motion was referred for hearing to Bankruptcy Judge George C. Paine, II, in his temporary capacity as standing master. *See In re Admin-* *istration of Bankruptcy System,* Adm. Order No. 28–4 (M.D.Tenn. March 9, 1983). The matter is now before this court for review of the standing master's report.

come moot by the terms of this court's order dated March 23, 1983.

Accordingly, the plaintiff has been damaged to the extent that it was required to prepare for the hearing on this motion to dissolve temporary restraining order which, as reflected in the affidavit submitted by P. Michael Richardson, Esq., amounts to $588.70 in attorney's fees. (A copy of this affidavit is attached hereto as Exhibit A to this Order.)

This court, therefore, ORDERS that the attorney for the defendants, J.C. McMurtry, Esq., who was acting on behalf of the defendants and whose name appears on the motion and proposed order, should be responsible for this damage and make payment to the plaintiff for said sum within 20 days of the date of this order.

IT IS, THEREFORE, SO ORDERED.

## EXHIBIT A TO ORDER

### AFFIDAVIT

I, P. Michael Richardson, being duly sworn on oath, do depose and state as follows:

1. That I am attorney for Tennessee Housing Development Agency ("THDA"), with respect to the above-captioned matter.

2. That as a result of defendants' failure to give the notice to THDA's attorney required by Rule 65 of the Federal Rules of Civil Procedure or to otherwise comply with the said rule in obtaining a temporary restraining order (the "Order") against THDA, THDA incurred attorney's fees in the amount of $588.70. A summary of the time expended by your affiant in attempting to set aside the Order and/or to dissolve the temporary restraining order is attached hereto as Exhibit A and is incorporated herein by this reference.

3. I certify that the foregoing is true to the best of my knowledge, information and belief.

FURTHER AFFIANT SAITH NOT.

/s/ P. Michael Richardson

P. MICHAEL RICHARDSON

Sworn to and subscribed before me on this the _18th_ day of _April_, 1983.

_Jean Patterson_
Notary Public

My Commission Expires: _10-20-85_

### EXHIBIT A

#### TO AFFIDAVIT

##### SUMMARY OF TIME

| | | |
|---|---|---|
| March 10, 1983 | Review temporary restraining order; conference with Russell Hippe re: order | .25 |
| March 11, 1983 | Telephone call to Gale Gordon of First Tennessee Bank (agent for Tennessee Housing Development Agency) re: order; telephone call to Bankruptcy Court Clerk re: order; telephone call to Judge Wiseman's clerk re: order; draft motion to set aside order or to dissolve temporary restraining order; draft memo in support of motion; draft proposed order setting aside | 2.74 |
| March 14, 1983 | Revise memo | .17 |
| March 15, 1983 | Revision of memo, prepare affidavit of P. Michael Richardson in support of motion; review of motion, memorandum, affidavit and order in preparation for filing; telephone call to J. C. McMurtry re: order | 1.50 |
| March 22, 1983 | Telephone call from Judge Wiseman's clerk re: hearing on motion | .08 |

April 12, 1983   Telephone call from Judge Wiseman's clerk; telephone call from First Tennessee Bank re: hearing; research and draft of supplemental memorandum; prepare for hearing; attend hearing and argue motion ......................... 3.67

|  | TOTAL TIME | 8.41 |
|---|---|---|
|  | (8.41 x $70.00 per hr) | $588.70 |
|  | TOTAL | $588.70 |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion and affidavit has been served on J.C. McMurtry, Guthrie Building, Gallatin, Tennessee 37066, defendants' attorney, this the 18th day of April, 1983.

/s/  P. Michael Richardson
P. MICHAEL RICHARDSON